**SO ORDERED.**

**SIGNED March 22, 2010.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

```
               UNITED STATES BANKRUPTCY COURT
                WESTERN DISTRICT OF LOUISIANA

 IN RE:

 ALFRED MCZEAL                              CASE NO. 09-50973

    Debtor                                  Chapter 7

 -----------------------------------------------------------------
                        MEMORANDUM RULING
 -----------------------------------------------------------------
```

Presently before the court is the Debtor's Motion for Contempt against Midsouth National Bank and it's attorney, L.J. Angelle. A hearing on the matter was held on March 16, 2010. After hearing argument, the court took the matter under advisement.

The Debtor filed a voluntary petition for relief under chapter 7 on July 20, 2009. The Debtor received his discharge on November 16, 2009. The case remains open as it is being administered by the trustee.

On November 24, 2009, Midsouth, through it's attorney, Mr. Angelle, filed an in rem Petition for Executory Process in the 14th

Judicial District attempting to take possession of certain property. Mr. Angelle indicated at the hearing that he had mistakenly believed that the automatic stay terminated upon the entry of the Debtor's discharge and that he realized his error after consulting with the trustee. Midsouth has since filed a motion requesting relief from the automatic stay.

Pursuant to Section 362(c)(1), "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate." Midsouth clearly violated the automatic stay when the state court proceeding was filed. Section 362(k) provides in pertinent part that "an individual injured by any willful violation of the stay provided by this section shall recover actual damages." The instant case present two issues: first, whether there was a willful violation and second, whether the Debtor was injured. The court finds that Midsouth's violation of the stay was not willful. The court accepts Mr. Angelle's representation that he was mistaken as to when the automatic stay terminated. Therefore, while there was a technical violation of the stay, it was not a willful violation. Second, while it is not necessary for the court to make a determination of whether the Debtor was injured since there was no willful violation of the stay, the court nonetheless finds that the Debtor was not injured by Midsouth's actions. The property at issue is property of the estate which, unless and until it is

abandoned, the Trustee, not the Debtor, has the right to administer. Further, the foreclosure proceeding has ceased and Midsouth is now proceeding with the correct course of action.

For the foregoing reasons, the Debtor's Motion is **DENIED**.

###